LAWYERS FOR CLEAN WATER, INC.
Layne Friedrich (Bar No. 195431)
Email:  Layne@lawyersforcleanwater.com
Drevet Hunt (Bar No. 240487)
Email:  Drev@lawyersforcleanwater.com
1004-A O'Reilly Avenue
San Francisco, California 94129
Telephone: (415) 440-6520
Facsimile: (415) 440-4155

VENTURA COASTKEEPER
Jason Weiner (Bar No. 259264)
Email: jweiner.venturacoastkeeper@wishtoyo.org
3875-A Telegraph Rd. #423
Ventura, California 93003
Telephone: (805) 658-1120
Facsimile: (805) 258- 5135

Attorneys for Plaintiffs
VENTURA COASTKEEPER,
a program of the WISHTOYO FOUNDATION, and
WISHTOYO FOUNDATION

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VENTURA COASTKEEPER, a program of the Wishtoyo Foundation, and WISHTOYO FOUNDATION, a non-profit corporation<br><br>       Plaintiffs,<br>  v.<br><br>TRI-COUNTY AUTO DISMANTLERS, INC., a California corporation,<br><br>       Defendant. | Case No. 2:11-cv-05289 SJO (MRWx)<br><br>**CONSENT DECREE**<br><br>**(Federal Water Pollution Control Act, 33 U.S.C. § 1251 *et seq*.)** |

1  **WHEREAS,** the Wishtoyo Foundation is a 501(c)(3) non-profit public benefit

2  grassroots corporation organized under the laws of the State of California. The Wishtoyo

3  Foundation's mission is to preserve, protect and restore Chumash culture, the culture and

4  history of coastal communities, cultural resources, and the environment;

5  **WHEREAS,** Ventura Coastkeeper is a program of the Wishtoyo Foundation.

6  Ventura Coastkeeper's mission is to protect, preserve, and restore the ecological integrity

7  and water quality of Ventura County's inland water bodies, coastal waters and

8  watersheds;

9  **WHEREAS,** Ventura Coastkeeper and Wishtoyo Foundation are referred to herein

10  as ("Coastkeeper" or "Plaintiffs");

11  **WHEREAS,** the Tri-County Auto Dismantling facility is located at 950 Mission

12  Rock Road, Santa Paula, California ("Tri-County Auto Dismantling Facility" or

13  "Facility").

14  **WHEREAS,** the Tri-County Auto Dismantling Facility is owned and operated by

15  Tri-County Auto Dismantlers, Inc. (hereinafter "Defendant");

16  **WHEREAS**, on 20 April 2011, Coastkeeper issued a sixty (60) day notice letter

17  ("Notice Letter") Defendant, the United States Environmental Protection Agency

18  ("EPA"), EPA Region IX, the State Water Resources Control Board ("State Board") and

19  the Regional Water Quality Control Board ("Regional Board"), with a notice of intent to

20  file suit for violations of the Federal Water Pollution Control Act, 33 U.S.C. §§ 1251, *et*

21  *seq.* ("Clean Water Act" or "CWA").  The Notice Letter alleged violations of the Clean

22  Water Act for Defendant's discharges of pollutants into receiving waters in violation of

23  National Pollution Discharge Elimination System ("NPDES") General Permit No.

24  CAS0000001 [State Board] Water Quality Order No. 92-12-DWQ, as amended by Order

25  No. 97-03-DWQ ("Storm Water Permit");

26  **WHEREAS**, on June 24, 2011, Coastkeeper filed a complaint against Defendant

27  in the United States District Court, Central District of California (Case No. 2:11-cv-

28

05289 SJO (MRWx) entitled *Ventura Coastkeeper, et al. v. Tri-County Auto Dismantling Inc.* ("Complaint");

**WHEREAS**, Defendant denies all allegations of the Complaint;

**WHEREAS**, Plaintiffs and Defendant (collectively referred to herein as the "Settling Parties" or "Parties") agree that it is in the Parties' mutual interest to enter into a Consent Decree setting forth terms and conditions appropriate to resolving the allegations set forth in the Complaint without further proceedings;

**WHEREAS**, all actions taken by Defendant pursuant to this Consent Decree shall be made in compliance with all applicable federal, state and local rules and regulations.

**NOW THEREFORE IT IS HEREBY STIPULATED BETWEEN THE SETTLING PARTIES AND ORDERED AND DECREED BY THE COURT AS FOLLOWS:**

1.      The Court has jurisdiction over the subject matter of this action pursuant to Section 505(a)(1)(A) of the CWA, 33 U.S.C. § 1365(a)(1)(A);

2.      Venue is appropriate in the Central District Court pursuant to Section 505(c)(1) of the CWA, 33 U.S.C. §1365(c)(1), because the Facility at which the alleged violations took place is located within this District;

3.      The Complaint states a claim upon which relief may be granted against Defendant pursuant to Section 505 of the CWA, 33 U.S.C. § 1365;

4.      Plaintiffs have standing to bring this action;

5.      The Court shall retain jurisdiction over this matter for purposes of interpreting, modifying or enforcing the terms of this Consent Decree, or as long thereafter as is necessary for the Court to resolve any motion to enforce this Consent Decree.

**I.      OBJECTIVES**

6.      It is the express purpose of the Parties entering into this Consent Decree to further the objectives set forth in the Clean Water Act, 33 U.S.C. §§ 1251, *et seq.*

("CWA"), and to resolve those CWA issues alleged by Coastkeeper in its Complaint.  In light of these objectives and as set forth fully below, Defendant agrees, *inter alia*, to comply with the provisions of this Consent Decree and to comply with the requirements of the Storm Water Permit and all applicable provisions of the CWA.  Specifically, the Storm Water Permit requires that Best Management Practices ("BMPs") be developed and implemented to achieve Best Available Technology ("BAT") and the Best Conventional Pollutant Control Technology ("BCT"), and to achieve compliance with applicable water quality standards.

**II.   EFFECTIVE DATE AND TERMINATION DATE**

7.   The term "Effective Date," as used in this Consent Decree, shall mean the last day for the United States Department of Justice and the United States Environmental Protection Agency (collectively "Federal Agencies") to comment on the Consent Decree, i.e., the 45th day following the Federal Agencies' receipt of the Consent Decree, or the date on which the Federal Agencies provide notice that they require no further review and the Court enters the final Consent Decree, whichever occurs earlier.

8.   This Consent Decree will terminate on its own terms three (3) years from the Effective Date, unless there is an ongoing, unresolved dispute regarding Defendant's compliance with this Consent Decree.  The Consent Decree may terminate early in the event the following conditions are met: (a) a no discharge certification option to coverage under the Storm Water Permit is adopted by the State Board; (b) Defendant seeks and obtains a no discharge certification; (c) the Defendant's Facility is designed and operated such that there are no discharges from the Facility in storm events up to and including the 100 year, 24 hour storm; (d) Defendant demonstrates there have been no discharges from the Facility for two consecutive wet seasons, and (e) no Detection Events, as defined in paragraph 16 of this Consent Decree, occur for two consecutive wet seasons.

**III.   COMMITMENTS OF THE PARTIES**

**A.   Initial Industrial Storm Water Pollution Control Measures**

9.      Consistent with Paragraph 12(g), Defendant shall implement adequate measures at the Facility with the intent to prevent, and at a minimum to limit, storm water discharges from the Facility.

10.     As soon as possible, but no more than thirty (30) days after the Effective Date of this Consent Decree, Defendant shall revise its Storm Water Pollution Prevention Plan ("SWPPP") as required by the Stormwater Permit and its Monitoring & Reporting Plan ("M&RP") as required by the Stormwater Permit to incorporate the requirements of the Storm Water Permit and this Consent Decree as set forth herein.

11.     As soon as possible, but no more than fifteen (15) days of the Effective Date of this Consent Decree, Defendant shall develop and implement BMPs in addition to those required by this Consent Decree to prevent discharges or to reduce contamination in storm water discharged from the Facility sufficient to achieve the numeric limits detailed in Table 1 below.  All BMPs shall be set forth in the SWPPP.  Defendant shall implement the BMPs in order to comply with the provisions of this Consent Decree, and to comply with the requirements of the Storm Water Permit and all applicable provisions of the CWA at the Facility. If the BMPs do not effectively prevent discharges or reduce contamination in storm water discharged from the Facility in a manner sufficient to achieve the Numeric Limits in Table 1, below, Defendant shall develop and implement additional BMPs pursuant to this Consent Decree.

12.     Defendant shall take the following measures to control the discharge of pollutants from the Facility:

a.  Within fifteen (15) days of the Effective Date, Defendant shall increase its sweeping of any paved surface to ensure that any paved areas are swept during the Wet Season at least once a week and at least 24 hours prior to any precipitation event where more than 0.1 inches of rain is predicted with a minimum likelihood of occurrence of 50% by the nearest National Oceanic and Atmospheric Administration Station, or Santa Paula airport, whichever is closer, and during the Dry Season at least once per month.  A

1    log of all sweeping done shall be kept.

2          b.   As soon as possible, and in no event later than January 31, 2012, Defendant
3    shall develop and implement a plan to prevent track-off of pollutants from the Facility.

4          c.   As soon as possible, and in no event later than January 31, 2012, Defendant
5    shall develop and implement a plan to install berms and ensure that all automobile
6    dismantling is conducted under a canopy or other cover adequate to prevent precipitation
7    from contacting pollutant sources associated with the act of dismantling the vehicle
8    (which includes, but is not limited to, the vehicle itself while being dismantled, and any
9    portion of the ground where fluids or other materials may spill or leak during
10   dismantling).

11         d.   As soon as possible, and in no event later than January 31, 2012, all parts or
12   other materials other than doors and window glass removed from a car prior to being sold
13   shall be stored under cover where they will not come in contact with rain fall.

14         e.   As soon as possible, and in no event later than the Effective Date, Defendant
15   shall take all measures necessary to ensure that storm water discharges occur from only
16   one location at the Facility until the plan to contain all runoff at the Facility is completely
17   implemented.

18         f.   As soon as possible, and in no event later than January 31, 2012, Defendants
19   shall install curbs or berms to prevent storm water run-on to the Facility.

20         g.   As soon as possible, and in no event later than January 31, 2012, Defendant
21   shall develop and implement a plan to install structural controls around the perimeter of
22   its site and conveyances to an infiltration gallery to prevent stormwater discharges from
23   the Facility.

24         h.   As soon as possible, and in no event later than the Effective Date, Defendant
25   shall develop a work plan for the installation of a groundwater lysimeter to evaluate the
26   impact of Facility operations on groundwater ("Lysimeter Work Plan"). The lysimeter
27   shall be designed and operated to sample storm water as it infiltrates from the surface to

28

the groundwater table.  The Lysimeter Work Plan shall ensure the lysimeter is installed immediately downgradient of the infiltration gallery, between the lowest depth of infiltration gallery and the highest annual average groundwater depth, and designed to detect the impact on groundwater, if any.  The Lysimeter Work Plan shall also set forth the lysimeter sampling procedures for sampling storm water infiltrating to groundwater to ensure that samples taken of storm water infiltrating from the Facility to groundwater as required by Paragraph 20 of the Consent Decree are representative of the storm water percolating from the Facility's infiltration gallery during storm events.  Coastkeeper shall have fourteen (14) days from the Effective Date to provide comments to Defendant on the Lysimeter Work Plan.  Defendant shall incorporate, or notify Coastkeeper and provide an explanation in writing that it is not incorporating, Coastkeeper's comments within fourteen (14) days of receipt of Coastkeeper's comments.  Any disputes as to the adequacy of the Lysimeter Work Plan shall be resolved pursuant to the dispute resolution provisions of this Consent Decree, set out in Section IV below.  Unless there is an unresolved dispute regarding the Lysimeter Work Plan, the lysimeter shall be in place no later than March 31, 2012.

       i.   To ensure there are no unauthorized non-stormwater discharges, non-stormwater discharges from the Facility not authorized by the Storm Water Permit shall be considered a breach of this Consent Decree.

    **B.**    **Reduction of Pollutants in Discharges**

       13.   <u>Numeric Limits and Contaminant Reduction</u>.  Contaminants in discharges shall not exceed the limits ("Numeric Limits") in Table 1.[1]  The presence of any contaminant in any discharge from the Facility in excess of, or outside the range of, the

---

[1] Several of the Numeric Limits are hardness dependent.  They are expressed in Table 1 using an assumed hardness of 100 mg/l $CaCO_3$. Defendant shall adjust the limit using the methods provided in Appendix J of the 2008 EPA MSGP (Multi-Sector General Permit).

Numeric Limits in Table 1 is a breach of this Consent Decree.  Defendant may discontinue sampling for Total Arsenic, Dissolved Cadmium, Total Recoverable Mercury, Dissolved Nickel, Dissolved Silver, and Chemical Oxygen Demand if any three (3) consecutive samples, and any samples taken by Coastkeeper from the Facility during the same wet season as the last of these three consecutive samples taken by Defendant, are below the Table 1 limit for the specific parameter.

**Table 1**

| Contaminant | Limit (All but pH expressed as mg/L; hardness dependent limits in bold) |
|---|---|
| Total Suspended Solids | 100 |
| Total Recoverable Copper | **0.0123** |
| Total Recoverable Lead | **0.069** |
| Total Recoverable Zinc | **0.110** |
| Oil and grease | 15 |
| Total Recoverable Aluminum | 0.750 |
| Total Arsenic | **0.1685** |
| Dissolved Cadmium | **0.0043** |
| Total Recoverable Iron | 1.0 |
| Total Recoverable Mercury | 0.0024 |
| Dissolved Nickel | **0.470** |
| Specific Conductance | **200** |
| Dissolved Silver | **0.0034** |
| Chemical Oxygen Demand | 120 |
| pH | 6.5 to 8.5 units |

14.     Action Plan for Table 1 Exceedances. Defendant shall submit a plan for reducing and/or eliminating the discharge of pollutants ("Action Plan") if any sampling for any parameter during the Wet Season demonstrates that any parameter in any discharge from the Facility exceeds the applicable limit for any parameter found in Table 1. In any year that an Action Plan is required, it shall be submitted by June 30 following the Wet Season.

a.  <u>Action Plan Requirements</u>. Each Action Plan submitted shall include at a minimum: (1) the identification of the pollutant(s) discharged in excess of the Numeric Limit(s), (2) an assessment of the source of each pollutant exceedance, (3) the identification of additional BMPs, including treating storm water prior to discharge from the Facility, that will be implemented to achieve compliance with the Numeric Limit(s), and (4) time schedules for implementation of the proposed BMPs.  The time schedule(s) for implementation shall ensure that all BMPs are implemented as soon as possible, but in no case later than October 1 (prior to the next Wet Season).  Anytime an Action Plan is completed, after Coastkeeper's review of the Action Plan as set forth in paragraph 14(b) below, Defendant shall also revise its M&RP and SWPPP as applicable within thirty (30) days.

b.  <u>Action Plan Review</u>.  Coastkeeper shall have thirty (30) days upon receipt of Defendant's Action Plan to provide Defendant with comments.  Defendant shall have until October 1 (prior to the next Wet Season) to implement any additional non-structural or structural BMPs agreed upon by Defendant and Coastkeeper.  Within fifteen (15) days from the date Coastkeeper comments on Defendant's Action Plan, Defendant shall provide Coastkeeper with a written explanation if Defendant refuses to develop and/or implement any of Coastkeeper's recommended additional BMPs. Any disputes as to the adequacy of the Action Plan shall be resolved pursuant to the dispute resolution provisions of this Consent Decree, set out in Section IV below.

c.  If any structural BMPs require any agency approval, then Defendant shall contact Coastkeeper to request an extension of the deadline, if necessary, to implement the structural BMPs requiring agency approval.  Coastkeeper's consent to Defendant's requested extension shall not be unreasonably withheld.

d.  Defendant shall notify Coastkeeper in writing when the Action Plan has been implemented.

15.  <u>Action Plan for Year 3 Wet Season.</u>

a.   If at the end of the 2013/2014 Wet Season, storm water sample results demonstrate that Defendant continues to discharge storm water containing pollutants exceeding the limits set forth in Table 1, Defendant agrees to submit an Action Plan consistent with the requirements of paragraph 14(a).

b.   Action Plan for Year 3 Wet Season Review.  Coastkeeper shall have thirty (30) days upon receipt of Defendant's Action Plan to provide Defendant with comments and additional BMPs as necessary.  Defendant shall have until October 1 (prior to the next Wet Season) to implement the Action Plan along with additional BMPs requested by Coastkeeper.

c.   If any structural BMPs require any agency approval, then Defendant shall contact Coastkeeper to request an extension of the deadline, if necessary, to implement the structural BMPs requiring agency approval.  Coastkeeper's consent to Defendant's requested extension shall not be unreasonably withheld.

d.   Defendant shall notify Coastkeeper in writing when the Action Plan has been implemented.

16.   If groundwater monitoring conducted pursuant to Paragraph 20 detects the presence of compounds above the maximum contaminant levels for cadmium, copper, aluminum, chromium, mercury, nickel, lead, or RWQCB  Environmental Screening levels for TPHg, TPHd and TPHmo  (gas, diesel, and motor oil)  see http://www.swrcb.ca.gov/sanfranciscobay/esl.shtml (attached as Exhibit A), and the same compound is present at the Facility or contained in the Facility's storm water discharges (hereafter defined as a "Detection Event"), then the Defendant must develop and implement a Groundwater Action Plan to control the pollutants in storm water that is infiltrated at the Facility.  At a minimum the Groundwater Action Plan shall include increased source control to prevent pollutant exposure to storm water.  The Groundwater Action Plan must be submitted within thirty (30) days of Defendant's reciept of sampling data resulting in Detection Event.

1        a.  Coastkeeper shall have thirty (30) days upon receipt of Defendant's

2   Groundwater Action Plan to provide Defendant with comments.  Defendant shall have

3   until October 1 (prior to the next Wet Season) to implement any additional non-structural

4   or structural BMPs agreed upon by Defendant and Coastkeeper.  Within fifteen (15) days

5   from the date Coastkeeper comments on Defendant's Groundwater Action Plan,

6   Defendant shall provide Coastkeeper with a written explanation if Defendant refuses to

7   develop and/or implement any of Coastkeeper's recommended additional BMPs. Any

8   disputes as to the adequacy of the Groundwater Action Plan shall be resolved pursuant to

9   the dispute resolution provisions of this Consent Decree, set out in Section IV below.

10        b.  If any structural BMPs require any agency approval, then Defendant shall

11   contact Coastkeeper to request an extension of the deadline, if necessary, to implement

12   the structural BMPs requiring agency approval.  Coastkeeper's consent to Defendant's

13   requested extension shall not be unreasonably withheld.

14        c.  Defendant shall notify Coastkeeper in writing when the Groundwater

15   Action Plan has been implemented.

16        **C.  Sampling and Monitoring at the Tri-County Facility**

17        17.  <u>Sample Analysis and Sample Frequency</u>.  The Defendant shall collect storm

18   water samples from each discharge location at the Facility from at least five (5) storm

19   events per Wet Season (defined as October 1- May 31). The Defendant must sample its

20   storm water discharge(s) from the first storm event in each Wet Season and must

21   continue to sample storm water discharges from each storm event that produces a

22   discharge until a total of five (5) storm events have been sampled. Sampling is required

23   during normal operating hours (which are Monday through Friday 8 – 5 and Saturday 8 -

24   2), and any time an employee qualified to collect a sample is present at the Facility.  Any

25   failure to sample a discharge from each discharge location at the Facility until five (5)

26   storm events per Wet Season have been sampled, including a failure to sample when

27   storm conditions pose a significant risk of injury or death, shall be documented and

1    submitted to Plaintiffs within five (5) days of the date a sample could have been collected

2    but was not. The parties agree to meet and confer to determine whether a failure to

3    sample based on an allegation that storm conditions pose a significant risk of injury or

4    death constitutes a breach of this Consent Decree.

5        18.    The Defendant shall analyze the samples for the constituents identified in

6    Table 1. The Defendant shall select analytical limits such that, at a minimum, the method

7    detection limits are below the Numeric Limits in Table 1.  Weck Laboratories, Inc. a

8    California State certified laboratory located at 14859 East Clark Avenue, City of

9    Industry, California, 91745-1396, shall perform all chemical analyses of samples

10   collected unless Defendant notifies Coastkeeper it wishes to use a different laboratory.

11   Defendant shall select a laboratory that is open for delivery of samples at hours consistent

12   with those maintained by Weck Laboratories and is able to achieve analytical limits such

13   that, at a minimum, the method detection limits are below the Numeric Limits in Table 1.

14       19.    Revising the M&RP.  Within thirty (30) days of the Effective Date of this

15   Consent Decree, the Defendant shall revise its M&RP for the Facility to incorporate the

16   requirements of this Consent Decree, including the Groundwater Monitoring

17   requirements in Paragraph 20 of the Consent Decree, and the Storm Water Permit. The

18   revised M&RP shall require that the samples taken from the Facility's storm water

19   discharges pursuant to the Storm Water Permit are analyzed for the constituents identified

20   in Table 1 in addition to any other constituents required by the Storm Water Permit. The

21   Defendant shall submit the revised M&RP to Coastkeeper for review and comment as

22   soon as it is completed but in any event no later than thirty (30) days of the Effective

23   Date.  Coastkeeper shall provide comments, if any, to the Defendant within thirty (30)

24   days of receipt of the M&RP.  The Defendant shall incorporate Plaintiffs' comments into

25   the M&RP, or shall justify in writing why any comment is not incorporated within thirty

26   (30) days of receiving comments. Any disputes over the adequacy of the revised M&RP

27   shall be resolved pursuant to the dispute resolution provisions of this Consent Decree, set

28

out in Section IV below.

20.   <u>Groundwater Monitoring</u>.  Defendant shall conduct monitoring of storm water infiltrating to groundwater following installation of the lysimeter for the duration of the Consent Decree in accordance with the Lysimeter Work Plan.  Defendant shall collect samples of infiltrating storm water in at least three (3) storm events per Wet Season. Samples shall be analyzed for at least the contaminants identified in Paragraph 16 above.

21.   <u>Additional Revisions to M&RP</u>.  The Defendant shall revise the M&RP if there are any changes in the Facility's storm water discharge point(s), if either Defendant or Coastkeeper discovers a change in the Facility's storm water discharge point(s), or as applicable to incorporate sampling or monitoring changes in any Action Plan(s). The Defendant shall submit any revised M&RP to Coastkeeper for review and comment within fifteen (15) days of completion.  Coastkeeper shall provide comments, if any, to the Defendant within thirty (30) days of receipt of any revised M&RP. The Defendant shall incorporate Plaintiffs' comments into any revised M&RP, or shall justify in writing why any comment is not incorporated within thirty (30) days of receiving comments. Any disputes as to the adequacy of the M&RP shall be resolved pursuant to the dispute resolution provisions of this Consent Decree, set out in Section IV below.

**D.   Storm Water Pollution Prevention Plan**

22.   <u>SWPPP Revisions.</u>  Within thirty (30) days of the Effective Date of this Consent Decree, Defendant shall revise the SWPPP to identify (1) current BMPs, (2) BMPs developed pursuant to this Consent Decree and measures taken pursuant to Paragraph 12 (a)-(h) of the Consent Decree to control the discharge of pollutants from the Facility, (3) a description of all industrial activities, (4) corresponding potential pollutant sources for industrial activities, and (5) a description of the potential pollutants from each source. The Defendant shall submit the revised SWPPP to Coastkeeper for review and comment as soon as it is completed, but in any event no later than thirty (30) days of the Effective Date.  Coastkeeper shall provide comments, if any, to the Defendant within

thirty (30) days of receipt of the SWPPP. Defendant shall incorporate Plaintiffs' comments into the SWPPP, or shall justify in writing why any comment is not incorporated within thirty (30) days of receiving comments. Any disputes as to the adequacy of the revised SWPPP shall be resolved pursuant to the dispute resolution provisions of this Consent Decree, set out in Section IV below.

23.     <u>Additional Revisions to SWPPP</u>. Defendant shall revise the SWPPP as necessary including but not limited to each time additional BMPs are developed to achieve compliance with the terms of this Consent Decree and/or the Storm Water Permit, each time Defendant anticipates any changes in the Facility's storm water discharge point(s), and/or each time either Defendant or Coastkeeper discovers a change in the Facility's storm water discharge point(s).  Defendant shall submit a revised SWPPP to Coastkeeper for review and comment as soon as it is completed but in any event no later than fifteen (15) days after additional BMPs are developed.  Coastkeeper shall provide comments, if any, to the Defendant within thirty (30) days of receipt of any revised SWPPP. The Defendant shall incorporate Plaintiffs' comments into any revised SWPPP, or shall justify in writing why any comment is not incorporated within thirty (30) days of receiving comments. Any disputes as to the adequacy of any revised SWPPP shall be resolved pursuant to the dispute resolution provisions of this Consent Decree, set out in Section IV below.

**E.     Employee Training**

24.     Within thirty (30) days of the Effective Date, Defendant shall develop a training program, including any training materials needed for effective implementation of the training program ("Training Program").

25.     The Training Program shall ensure (1) that there are sufficient number of employees delegated to achieve compliance with the Storm Water Permit and this Consent Decree, and (2) that these employees are properly trained to perform the required compliance activities. Such Training Program shall be specified in the SWPPP.

26.     The Training Program shall require specific training to include at least the following:

a.     <u>Non-Storm Water Discharge Training.</u>  The Defendant shall train all employees on the Storm Water Permit's prohibition of non-storm water discharges so that employees know what non-storm water discharges are, how to detect them, and how to prevent them;

b.     <u>BMP Training</u>. The Defendant shall train all employees responsible for BMP implementation and maintenance to ensure that BMPs are used effectively to prevent the exposure, discharge, and/or treatment of storm water at the Facility, and in accordance with the manufacturer's instructions;

c.     <u>Sampling Training</u>. The Defendant shall train all individuals collecting samples at the Facility pursuant to this Consent Decree or the Storm Water Permit on the proper sampling protocols, including chain of custody requirements, to ensure storm water and/or non-storm water samples are properly collected, stored, and submitted to a certified laboratory;

d.     <u>Visual Observation Training.</u> The Defendant shall provide training to all individuals performing visual observations at the Facility pursuant to this Consent Decree and the Storm Water Permit.

27.     Training shall be provided by a private consultant or a representative of Defendant familiar with the requirements of this Consent Decree and the Storm Water Permit, and shall be repeated as necessary to ensure that all such employees are familiar with the requirements of this Consent Decree, the Storm Water Permit, and the Facility's SWPPP.  All new staff will receive this training before assuming responsibilities for implementing the SWPPP or M&RP.

28.     The Defendant shall maintain training records to document compliance with this paragraph, and shall provide Coastkeeper with a copy of these records within fourteen (14) days of receipt of a written request.

**F.     Compliance Monitoring and Reporting**

29.   <u>Site Inspections.</u> Coastkeeper and its representatives may conduct two site inspections ("Site Inspection") at the Facility each year that this Consent Decree is in effect.  The Site Inspection(s) shall occur during normal business hours and Coastkeeper shall provide the Defendant and Defendant's Attorney and/or other representative selected by the Defendant, provided that Defendants have given Plaintiffs prior notice and contact information for said representative, with notice of the Site Inspection no later than 4:00 PM of the business day preceeding the Site Inspection. Notice will be provided by telephone and electronic mail.  During the Site Inspection, Defendant shall allow Coastkeeper and/or its representatives access to the Facility's SWPPP, M&RP, monitoring records, and to all monitoring reports and data for the Facility.  During the Site Inspection, Defendant shall allow Coastkeeper and/or its representatives to collect samples of storm water, non-stormwater, and groundwater samples from the lysimeter at the Facility.

30.   <u>Coastkeeper's Compliance Monitoring</u>. Defendant agrees to compensate Coastkeeper for time to be spent by legal staff or technical consultants monitoring the Defendant's compliance with the Consent Decree.  To this end, the Defendant shall pay Coastkeeper the sum of Two Thousand Five Hundred Dollars ($2,500.00). Payment shall be made as set forth in paragraph 36 below.

31.   <u>Action Plan Payments</u>.  Anytime Defendants are required to submit an Action Plan or Groundwater Action Plan to Coastkeeper, Defendants shall make an additional compliance monitoring payment in the amount of Two Thousand Five Hundred Dollars ($2,500.00) upon submission of the Action Plan or Groundwater Action Plan.  All payments required under this paragraph shall be submitted and made payable to "***Ventura Coastkeeper***," addressed to Ventura Coastkeeper, 3875-A Telegraph Road #423, Ventura, California 93003, and sent via courier or overnight delivery.

32.   <u>Data Reporting</u>.  During the life of this Consent Decree, the Defendant shall

provide Coastkeeper with a copy of all compliance and monitoring data, including inspection reports, related to the Facility's coverage under the Storm Water Permit on a monthly basis. The Defendant shall provide Coastkeeper with all laboratory analyses related to sampling at the Facility within seven (7) days of the Defendant's receipt of such information.

33.   <u>Document Provision</u>. During the life of this Consent Decree, the Defendant shall copy Coastkeeper on all documents and communications related to its compliance with the Storm Water Permit or storm water quality or groundwater quality at the Facility that are submitted to the Regional Board, the State Board, and/or any State, local agency, county, or municipality.  Such reports and documents shall be provided to Coastkeeper concurrently as they are sent to the agencies and/or municipalities. Any correspondence related to Defendant's compliance with the Storm Water Permit or storm water quality or groundwater quality received by the Defendant from any regulatory agency, State or local agency, county, or municipality shall be provided within three (3) business days of receipt by the Defendant.

**G.   Environmental Project, Reimbursement of Litigation Fees and Costs, and Stipulated Penalties**

34.   <u>Environmental Project</u>. The Defendant agrees make a payment of Four Thousand Dollars ($4,000.00) to the Rose Foundation for Communities and the Environment for a project related to water quality designed to analyze, reduce, prevent, or otherwise mitigate the ecological effects of storm water and/or non-stormwater discharges into the Santa Clara River and its Estuary. Payment shall be made as set forth in paragraph 36 below.

35.   <u>Reimbursement of Plaintiffs' Fees and Costs</u>. The Defendant agrees to partially reimburse Plaintiffs for their investigation fees and costs, consultant fees and costs, reasonable attorneys' fees, and other costs incurred as a result of investigating and filing the lawsuit, and negotiating a resolution of this matter totaling Sixteen Thousand

Five Hundred Dollars ($16,500.00). Payment shall be made as set forth in paragraph 36 below.

36.   Defendants monetary obligations in paragraphs 30, 34, and 35 total Twenty Three Thousand Dollars ($23,000.00) and shall be made as follows:

Eight Thousand Dollars ($8,000.00) upon execution of this Consent Decree;

One Thousand Five Hundred Dollars ($1,500.00) each month beginning on March 1, 2012, for ten (10) months.

All payments shall be made payable to

"***Lawyers for Clean Water Attorney-Client Trust Account***"

and delivered by certified mail or overnight delivery to:

Lawyers for Clean Water, Inc.
1004-A O'Reilly Avenue
San Francisco, California 94129

The total amount due for the "Environmental Project" shall be distributed to the Rose Foundation within six (6) months of the Effective Date.  The compliance monitoring funding and the reimbursement of fees and costs shall be made on a pro-rata basis.

37.   Stipulated Payment. The Defendant shall make a remediation payment of Six Hundred Dollars ($600.00) for each missed deadline included in this Consent Decree. Payments for a missed deadline shall be made for the restoration and/or improvement of the watershed in the area affected by the Defendant's discharges and shall be awarded to the Rose Foundation for Communities and the Environment, and mailed via certified mail or overnight delivery to 6008 College Avenue Suite 10, Oakland, California 94618-1382. The Defendant agrees to make the stipulated payment within thirty (30) days of a missed deadline and make the payment via overnight delivery or by certified mail. The Defendant shall provide Coastkeeper with a copy of each such payment at the time it is made.

38.   Interest Payments. In the event of late payment of any of the sums due under this Consent Decree, the Defendant shall pay 7% APR interest to Coastkeeper, which

shall accrue from the first day past the date the sum was due until the date the Defendant

tenders payment. All such payments shall be made payable to

"Lawyers for Clean Water Attorney-Client Trust Account"

and delivered by certified mail or overnight delivery to

Lawyers for Clean Water, Inc.
1004-A O'Reilly Avenue
San Francisco, California 94129

**H.    Agency Review of Consent Decree**

39.    Plaintiffs shall submit this Consent Decree to the Federal Agencies within three (3) days of the final signature of the Parties for agency review consistent with 40 C.F.R. § 135.5. In the event that the Federal Agencies object to entry of this Consent Decree, the Parties agree to meet and confer to attempt to resolve the issue(s) raised by the Federal Agencies within a reasonable amount of time.

**IV.   DISPUTE RESOLUTION**

40.    This Court shall retain jurisdiction over this matter for the purposes of adjudicating all disputes among the Parties that may arise under the provisions of this Consent Decree.  The Court shall have the power to enforce this Consent Decree with all available legal and equitable remedies, including contempt.

41.    <u>Meet and Confer</u>.  A party to this Consent Decree shall invoke the dispute resolution procedures of this Section by notifying all other Parties in writing of the matter(s) in dispute and of the party's proposal to resolve the dispute under this Section. The Parties shall then meet and confer in an attempt to resolve the dispute no later than fourteen (14) calendar days from the date of the notice.

42.    If the Parties cannot resolve a dispute by the end of the meet and confer process, the party initiating the dispute resolution provision may invoke formal dispute resolution by filing a motion before the United States District Court for the Central District of California.  The Parties shall jointly apply to the Court for an expedited hearing schedule on the motion.

43.     Litigation costs and fees incurred in conducting meet and confers or otherwise addressing and/or resolving any dispute, including an alleged breach of this Consent Decree, shall be awarded in accord with the standard established by section 505 of the Clean Water Act, 33 U.S.C. § 1365, and case law interpreting that standard.

## V.     MUTUAL RELEASE OF LIABILITY AND COVENANT NOT TO SUE

44.     In consideration of the above, upon the Effective Date of this Consent Decree, the Parties hereby fully release, except for claims for the Defendant's failure to comply with this Consent Decree and as expressly provided below, each other and their respective successors, assigns, officers, agents, employees, and all persons, firms and corporations having an interest in them, from any and all alleged CWA violations claimed in the Amended Complaint, up to and including the Effective Date of this Consent Decree.

45.     Nothing in this Consent Decree limits or otherwise affects Plaintiffs' right to address or take any position that it deems necessary or appropriate in any formal or informal proceeding before the Regional Board, EPA, or any other judicial or administrative body on any other matter relating to Defendant.

46.     Neither the Consent Decree nor any payment pursuant to the Consent Decree shall constitute or be construed as a finding, adjudication, or acknowledgement of any fact, law or liability, nor shall it be construed as an admission of violation of any law, rule, or regulation. The Defendant maintains and reserves all defenses they may have to any alleged violations that may be raised in the future.

47.     <u>Force Majeure</u>. The Defendant shall notify Coastkeeper pursuant to the terms of this paragraph, when timely implementation of the requirements set forth in this Consent Decree becomes impossible, despite the timely good-faith efforts of the Defendant, due to circumstances beyond the reasonable control of the Defendant or its agents, and which could not have been reasonably foreseen and prevented by the exercise of due diligence by the Defendant.  In no circumstances shall a claim of inability to pay

1    be considered Force Majeure.

2         a.  If the Defendant claims impossibility, they shall notify Coastkeeper in

3    writing within twenty-one (21) days of the date that the Defendant first knew of the event

4    or circumstance that caused or would cause a violation of this Consent Decree.  The

5    notice shall describe the reason for the nonperformance and specifically refer to this

6    Section.  It shall describe the anticipated length of time the delay may persist, the cause

7    or causes of the delay, the measures taken or to be taken by the Defendant to prevent or

8    minimize the delay, the schedule by which the measures will be implemented, and the

9    anticipated date of compliance. The Defendant shall adopt all reasonable measures to

10   avoid and minimize such delays.

11        b.  The Parties shall meet and confer in good-faith concerning the non-

12   performance and, where the Parties concur that performance was or is impossible, despite

13   the timely good faith efforts of the Defendant, due to circumstances beyond the control of

14   the Defendant that could not have been reasonably foreseen and prevented by the

15   exercise of due diligence by the Defendant, new deadlines shall be established.

16        c.  If Coastkeeper disagrees with the Defendant's notice, or in the event that the

17   Parties cannot timely agree on the terms of new performance deadlines or requirements,

18   either party shall have the right to invoke the Dispute Resolution Procedure pursuant to

19   Section IV.  In such proceeding, the Defendant shall bear the burden of proving that any

20   delay in performance of any requirement of this Consent Decree was caused or will be

21   caused by force majeure and the extent of any delay attributable to such circumstances.

22   **VI.   MISCELLANEOUS PROVISIONS**

23        48.  <u>Construction</u>.  The language in all parts of this Consent Decree shall be

24   construed according to its plain and ordinary meaning, except as to those terms defined in

25   the Storm Water Permit, the Clean Water Act, or specifically herein.

26        49.  <u>Choice of Law</u>.  The laws of the United States shall govern this Consent

27   Decree.

28

50.  <u>Severability</u>.  In the event that any provision, paragraph, section, or sentence of this Consent Decree is held by a court to be unenforceable, the validity of the enforceable provisions shall not be adversely affected.

51.  <u>Correspondence</u>.  All notices required herein or any other correspondence pertaining to this Consent Decree shall be sent by regular mail and electronic mail as follows:

If to Plaintiffs:

Jason Weiner
Staff Attorney
Wishtoyo Foundation / Ventura Coastkeeper
3875-A Telegraph Road #423
Ventura, CA 93003
jweiner.venturacoastkeeper@wishtoyo.org

If to Defendant:

John Beifus
Tri-County Auto, Inc.
950 Mission Rock Road
Santa Paula, CA 93060

With copies to:

Vera A. Livingstone
Livingstone & Associates
1850 5th Avenue
San Diego, CA 92101

Notifications of communications shall be deemed submitted three (3) days after the date that they are postmarked and sent by first-class mail, or immediately after acknowledgement of receipt via email by the receiving party.  Any change of address or addresses shall be communicated in the manner described above for giving notices.

52.  <u>Effect of Consent Decree</u>.  Plaintiffs do not, by its consent to this Consent

Decree, warrant or aver in any manner that the Defendant's compliance with this Consent Decree will constitute or result in compliance with any federal or state law or regulation. Nothing in this Consent Decree shall be construed to affect or limit in any way the obligation of the Defendant to comply with all federal, state, and local laws and regulations governing any activity required by this Consent Decree.

53.    Counterparts.  This Consent Decree may be executed in any number of counterparts, all of which together shall constitute one original document.  Telecopy and/or facsimile copies of original signature shall be deemed to be originally executed counterparts of this Consent Decree.

54.    Modification of the Consent Decree.  This Consent Decree, and any provisions herein, may not be changed, waived, discharged, or terminated unless by a written instrument, signed by the Parties.

55.    Full Settlement.  This Consent Decree constitutes a full and final settlement of this matter.

56.    Integration Clause.  This is an integrated Consent Decree. This Consent Decree is intended to be a full and complete statement of the terms of the agreement between the parties and expressly supersedes any and all prior oral or written agreements covenants, representations, and warranties (express or implied) concerning the subject matter of this Consent Decree.

57.    Authority.  The undersigned representatives for Plaintiffs and Defendant each certify that he/she is fully authorized by the party whom he/she represents to enter into the terms and conditions of this Consent Decree.

58.    The provisions of this Consent Decree apply to and bind the Parties, including any successors or assigns.  The Parties certify that their undersigned representatives are fully authorized to enter into this Consent Decree, to execute it on behalf of the Parties, and to legally bind the Parties to its terms.

59.    The Parties agree to be bound by this Consent Decree and not to contest its

validity in any subsequent proceeding to implement or enforce its terms.  By entering into this Consent Decree, the Defendant does not admit liability for any purpose as to any allegation or matter arising out of this Action.

The undersigned representatives for Coastkeeper and Defendant each certify that he/she is fully authorized by the party whom he/she represents to enter into the terms and conditions of this Consent Decree and that this Consent Decree binds that party.

IN WITNESS WHEREOF, the undersigned have executed this Consent Decree as of the date first set forth above.

**IT IS SO ORDERED:**

Date:  February 29, 2012        *S. James Otero*

_____

Honorable S. James Otero
UNITED STATES DISTRICT COURT JUDGE
CENTRAL DISTRICT OF CALIFORNIA

APPROVED AS TO CONTENT

VENTURA COASTKEEPER AND
WISHTOYO FOUNDATION

Dated:  _____, 2011        _____

Mati Waiya, Executive Director
Ventura Coastkeeper and
Wishtoyo Foundation

TRI-COUNTY AUTO PARTS, INC.

Dated:  _____, 2011        _____

John Beifus
Owner/President

1                                        TRI-COUNTY AUTO DISMANTLERS, INC

2

3    APPROVED AS TO FORM

4                                        LIVINGSTONE & ASSOCIATES

5

6

7    Dated:        _____, 2011          _____

8                                        Vera A. Livingstone
                                         Livingstone & Associates
9                                        Attorney for Defendant

10

11                                       LAWYERS FOR CLEAN WATER, INC.

12

13

14   Dated:        _____, 2011          _____

15                                       Layne Friedrich
                                         Lawyers for Clean Water, Inc.
16                                       Attorney for Plaintiffs

17

18                                       WISHTOYO FOUNDATION AND
                                         VENTURA COASTKEEPER
19

20

21   Dated:        _____, 2011          _____

22                                       Jason Weiner
                                         Staff Attorney for Plaintiffs
23

24

25

26

27

28

---